ARMIN L. KELLY, ADMINISTRATOR, ESTATE OF OLIVER WARREN KELLY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7092.     Promulgated November 5, 1927.

*John M. Cole, Esq.,* for the petitioner.
*J. F. Greaney, Esq.,* for the respondent.

Deficiency in estate tax of $4,256.55. The respondent held two transfers to be in contemplation of death, one of 1,749 shares and the other of 903 shares of the O. S. Kelly Co.

FINDINGS OF FACT.

Oliver Warren Kelly, hereinafter called the decedent, died, after a short illness, at Springfield, Ohio, on October 31, 1922, aged seventy.

He had some intestinal trouble for three or four years about which he had occasionally consulted a physician. He attended to his business regularly.

On April 1, 1920, he caused a formal transfer to be made on the books of the O. S. Kelly Co. of 1,749 shares (out of a total outstanding of 3,500 shares) of its stock, then standing in his name, to his children, Armin L., Katherine, and Louise. These shares he had owned prior to 1913, and he continued to be the record owner thereafter. This transfer was not made in contemplation of death.

On July 12, 1921, decedent caused 903 shares of stock in said company to be transferred to his three children. These shares were part of 1,399 shares originally owned by decedent's father, O. S. Kelly, prior to his death in 1904, and were part of the father's estate. On these 1,399 shares, decedent received the dividends from 1906 until July 12, 1921. The will of O. S. Kelly contained the following provisions:

Item 2. I give and bequeath to my wife Ruth Ann Kelly, in lieu of dower, year's support and all other claims against my estate, all of my household goods and furniture, horses and buggy and all other articles of my personal use and also an annuity of Thirty-six hundred ($3600) Dollars payable in sums of Three hundred ($300) Dollars a month on the first of each and every month after my decease during her natural life; the same to be and remain a first lien and charge upon my real estate in the City of Springfield, Ohio, known as "The Arcade" and situate on the East side of Fountain Square and extending from High to Washington Streets.

Item 3. I give and bequeath unto each of my two daughters-in-law, Kate Kelly, wife of my son O. W. Kelly—and Martha Kelly, wife of my son E. S. Kelly, a legacy in the sum of Ten Thousand ($10,000.00) Dollars.

Item 4. I give and bequeath unto each of my grandchildren, who may be living at the time of my death, whether now born or not, the sum of One Thousand Dollars, the said legacy of each to be held by its father without interest and without bond and paid over to such child at majority, the legacy of any such grandchild dying without issue before majority to remain the absolute property of its father; and I hereby request, but do not require, of each of my said sons that he shall present to each child of his who may be born after my decease a like sum of One Thousand ($1000) Dollars at majority as a legacy from me.

Item 5. All the rest, residue and remainder of my estate, real, personal and mixed which I may own at the time of my decease, I give, devise and bequeath unto my two sons Oliver W. Kelly and Edwin S. Kelly share and share alike.

Item 6. I hereby constitute and appoint my said sons Oliver W. Kelly and Edwin S. Kelly the Executors of this my will, and direct that no bond be required of either of them as such Executor, and that no inventory, appraisement or sale of my personal property be made.

Edwin S. Kelly declined to serve as executor, and in 1906 assigned his entire interest under the will to the decedent. O. S. Kelly was substantially indebted to the company.

The corporation declared dividends in 1913, 1914, 1916, and 1917, and none in 1915, 1918, 1919, 1921, or 1922. These dividends were applied against certain longstanding worthless accounts of the corporation. On October 12, 1920, as a means of discharging the legacies to the wife and four children of E. S. Kelly, aggregating $14,000, the corporation declared a 10 per cent dividend of $13,990 on the 1,399 shares. This amount was used to discharge these legacies. The legacy of $10,000 to decedent's wife, Kate Kelly, was not paid. She died on October 28, 1920, leaving all her estate by will to her children, Armin L., Louise, and Katherine. These three children renounced their legacies under the O. S. Kelly will and waived payment thereof in probate court. The decedent, as executor of the estate of O. S. Kelly, filed his final report on May 25, 1921, containing the following:

PROBATE COURT, CLARK COUNTY, OHIO.

Estate of Oliver S. Kelly, dec'd.

First & Final Report of Oliver W. Kelly, Executor.

Oct. 1920
Said Executor charges himself with 10% Dividend from O. S.
 Kelly Co_____ $13, 990. 00
and claims credit for legacies paid as follows:
  Voucher #1 Martha C. Kelly_____ $10, 000. 00
   "  2 Leah Kelly Foos_____ 1, 000. 00
   "  3 Ruth K. Fay_____ 1, 000. 00
   "  4 Martha L. Kelly_____ 1, 000. 00
   "  5 O. S. Kelly_____ 1, 000. 00
                     14, 000. 00

  Balance due Executor_____ 10. 00

Said Executor respectfully reports that no other assets of said estate have come into his hands or to his knowledge, excepting the said Dividend and 1399 shares of the Capital Stock of said O. S. Kelly Co., which he still holds; and that no claims against said estate have been presented to him for payment and that no such claims exist to his knowledge, except a claim of the O. S. Kelly Company, payment of which has been waived by said Company with the consent of all its stockholders, as appears by their written consent and a certified copy of a Resolution of the Board of Directors of said Company, both hereto attached. That Edwin S. Kelly, to whom a half interest in said estate was bequeathed by said testator, has assigned all his interest in said estate to said Oliver W. Kelly, to whom the other half interest in said estate was given by the Will of said Oliver S. Kelly, deceased. Assignment attached.

That the legatees to whom payment has been made as above shown, are all of the legatees mentioned in the Will of said O. S. Kelly, deceased, excepting Kate Kelly, Louise Kelly Ultes, A. L. Kelly and Katherine Kelly, who have each renounced their said legacies and waived payment thereof as appears by their written waiver hereto attached.

Said Executor, therefore, asks that the foregoing be accepted as his final account, and that upon payment of all costs due this Court, he may be author-

ized to transfer into his individual name the said 1399 shares of stock of The O. S. Kelly Co., he being solely entitled to the same, and desiring to take the same in kind.

Oliver W. Kelly<br>
Executor of Oliver S. Kelly, dec'd.

OPINION.

STERNHAGEN : The decision whether these two transfers were made in contemplation of death is governed by two different fundamental considerations. The transfer of 1,749 shares was made more than two years before death, and that of 903 shares was made within two years. As to the latter, there is the statutory presumption of section 402 (c), Revenue Act of 1921, that the transfer is deemed to have been made in contemplation of death; and as to the former, there is no such statutory provision and hence no presumption. As to the latter, the evidence for the petitioner must overcome the presumption, and as to the former his burden is only that ordinarily upon the proponent.

As to the transfer of 1920, we see no evidence that it was made in contemplation of death, and the respondent has introduced no basis for his determination that it was. So far as the record discloses, this was entirely arbitrary. Whether the decedent made the transfer in 1913, as is contended (that of 1920 being said to be merely formal), or in substance in 1920, there is no evidence that at either time there was such apprehension of death as to give the transfer a testamentary character. We reverse the Commissioner and hold that it should be excluded from the gross estate.

As to the later transfer, the evidence is in our opinion not sufficient to overcome the statutory presumption against petitioner. He sets up circumstances which he contends establish that the transfer gave to the transferees only what they were entitled to, and invokes the statutory provision as to a *bona fide* sale for a fair consideration. But the renunciation by them of their legacies was complete and the decedent so stated in his report to the probate court. So far as appears, decedent was under no legal constraint as to these shares, and his transfer was entirely voluntary. We so hold. Thus the statutory presumption is that the transfer was in contemplation of death. From the evidence, it can not be said that it was not so made. In fact, it may or may not have been so made. Cf. *C. D. Lehman, Executor*, 6 B. T. A. 791. We sustain the respondent as to the second transfer.

*Judgment will be entered on 15 days' notice,*<br>
*under Rule 50.*

Considered by ARUNDELL.